ARBUCKLE *v.* ARBUCKLE

[No. 17,811. Filed January 21, 1949. Rehearing denied March 12, 1949.]

*Leslie E. Andis,* of Scottsburg, for appellant.

*Paul R. Schnaitter,* of Madison, for appellee.

WILTROUT, J.—This is an action brought by appellee against the appellant for an absolute divorce. When neither appellant nor her counsel were present at the time set for trial, the court struck out appellant's

answer, defaulted appellant, and the prosecuting attorney filed answer. After hearing the evidence, the court rendered judgment for appellee, granting a divorce.

Upon appeal the appellant contends that the trial court erred in setting the case for trial upon so short a notice that it was impossible for appellant to procure her witnesses.

The case had been set for trial upon two previous occasions. Prior to the first trial date appellant filed an affidavit for change of venue from the county, but failed to perfect the change. Prior to the date of the second setting appellant mailed to the court a verified motion for a continuance. This motion was filed and granted on April 22, 1948, and as a part of the order on the motion, which was set forth in the order book, the case at that time was reset for trial for May 26, 1948. There is nothing in the record to indicate that this setting gave so short a time that it would have been impossible for appellant to procure her witnesses.

Appellant made no effort to find what ruling the court had made on the motion for continuance. At 3:35 o'clock p.m. on May 25, 1948, the day before the date set for trial, appellant's attorney received a telegram from the judge of the Jefferson Circuit Court stating that "Plaintiff attorney in Arbuckle case insists on going to trial at 9 a.m. tomorrow as agreed upon last term of court." Thereupon appellant's attorney, by telephone, requested a continuance, which was denied. Appellant's attorney then informed the judge that he would not be present for the trial.

Counsel for appellant insists that he understood that appellee's attorney was to notify him of the date set for trial, and that his first knowledge of the date set was had when he received the telegram; that he had a witness in Ohio; that after receiving the tele-

gram he did not have sufficient time to subpoena local witnesses. The attorney for appellee denies that he made any promises to give notice of this particular setting.

Appellant's attorney did not appear at the trial, nor did he notify other counsel, whom he had arranged to assist him, of the fact that the case was set for trial. No affidavit for a continuance was filed, pursuant to the statute, although there was sufficient time within which to do so before the hour set for trial. § 2-1301, Burns' 1946 Replacement.

The court committed no error in overruling appellant's oral request for a continuance.

Affirmed.

NOTE.—Reported in 83 N. E. 2d 484.